**29** WILDMAN & BERNHARDT CONSTRUCTION, INC., Respondent, v BPM ASSOCIATES, L.P., et al., Appellants, et al., Defendants. [708 NYS2d 400] —Order, Supreme Court, New York County (Barry Cozier, J.), entered October 15, 1999, which, insofar as appealed from, denied defendants-appellants' motion to dismiss the complaint with respect to the first, second, fifth, sixth, and tenth causes of action and with respect to the portion of the seventh cause of action based on alleged fraudulent conveyances, unanimously modified, on the law, to grant the motion to dismiss to the extent of dismissing the fifth cause of action as against defendant-appellant Alan J. Rogers, dismissing the portion of the seventh cause of action based on alleged fraudulent conveyances, and dismissing the tenth cause of action, and otherwise affirmed, without costs.

Plaintiff general contractor's first, second, fifth and sixth causes of action, which seek interim and final accountings and other relief to vindicate the interest of plaintiff and other beneficiaries of Lien Law trust funds arising from a building renovation project, were correctly sustained by the IAS Court as against defendants-appellants other than Alan J. Rogers, notwithstanding the complaint's failure to allege a diversion of trust funds with any particularity, since proof of a diversion of trust funds is not a condition precedent to an action for an accounting and other relief under Lien Law article 3-A (*Frontier Excavating v Sovereign Constr. Co.*, 30 AD2d 487, 491, *appeal dismissed* 24 NY2d 991; *Raisler Corp. v Uris 55 Water St. Co.*, 91 Misc 2d 217, 224; *Cadin Constr. Corp. v Adam Jay Assocs.*, 86 Misc 2d 407, 409). We modify to dismiss the fifth cause of action, which concerns the proceeds of the sales of condominium units within the building, solely as against defendant-appellant Rogers, who purchased and resold a condominium unit in the building but was not a party to any contract with plaintiff and never became obligated to pay for plaintiff's work, notwithstanding the covenant included in the deed to Rogers' grantee pursuant to Lien Law § 13 (*see, Ellis Chingos Constr. Corp. v Carlton Props.*, 30 Misc 2d 883, 886).

The seventh cause of action fails to state a claim for fraudulent conveyance because, although conveyances of condominium units for no consideration are alleged, no facts are alleged in detail, as required by CPLR 3016 (b) (*see, IDC [Queens] Corp. v Illuminating Experiences*, 220 AD2d 337), that would

support an inference of a purpose of avoiding the provisions of article 2 of the Lien Law (Lien Law § 7) or of other actual intent to defraud (Debtor and Creditor Law § 276). The allegations of the complaint also do not support any inference that the two gratuitous conveyances left the transferor, with whom plaintiff contracted, insolvent (Debtor and Creditor Law § 273) or inadequately capitalized (Debtor and Creditor Law § 274). We further note that the conversion of the building to condominiums did not constitute a conveyance (*see*, Real Property Law § 290 [3]) that could support a fraudulent conveyance cause of action.

The tenth cause of action, which seeks damages for fraud based on the failure of the owner of the building to disclose to plaintiff the conversion of the building to condominiums and the subsequent conveyances of condominium units within the building, is legally insufficient because, *inter alia*, plaintiff, which had notice from its contract that the building would be converted to condominiums, could have apprised itself of the building's status and ownership by checking public records (*see, Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 469; *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 173 AD2d 203, 204-205). The building owner's duty to treat certain funds as trust assets for the benefit of plaintiff and other contractors under Lien Law article 3-A did not render the owner a fiduciary of plaintiff in any other respects. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Lerner and Friedman, JJ.