■ Basu Sarkar et al., Respondents, v Mridul Kumar Pathak, Appellant. [889 NYS2d 184]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 22, 2009, which, insofar as appealed from, granted plaintiffs' cross motion for 22 NYCRR part 130 sanctions in the form of a costs award to be paid by defendant's attorneys, unanimously reversed, on the law and the facts, with costs, and the cross motion denied.

Less than two months after issue was joined and before disclosure had commenced, defendant moved, inter alia, for summary judgment dismissing the complaint; plaintiffs cross-moved for sanctions against defendant and his attorney for making a frivolous motion. Both motions were denied, although the motion court, after finding that plaintiffs failed to show that defendant's motion was frivolous, did award plaintiffs $100 costs, presumably motion costs pursuant to CPLR 8106 and 8202. Subsequently, defendant moved for leave to renew the prior motion for summary judgment and to compel an answer to a deposition question concerning statements made to one of the plaintiffs by plaintiffs' former attorney assertedly to the effect that the action lacked merit; plaintiffs cross-moved for a protective order and sanctions for the making of a frivolous motion; and defendant's reply, in effect, withdrew so much of his motion as sought summary judgment. The motion court denied the motion and granted the cross motion to the extent of granting a protective order and awarding plaintiffs their costs and expenses in opposing the motion and prosecuting the cross motion.

We reverse because it is not clear from the court's decision whether the sanctioned conduct consisted of defendant's counsel's making of a motion to compel attorney-client communications, or his making of successive motions for summary judgment, or some combination of both (see 22 NYCRR 130-1.2).

In any event, with respect to successive motion practice, defendant made only two motions for summary judgment; a prior motion court had determined that the first motion was not frivolous; the second motion did not repeat the arguments made in the first; and defendant's reply made clear that the only relief being requested was to compel one of the plaintiffs to respond to the deposition question. Generally, the imposition of sanctions involves a more persistent pattern of repetitive or meritless motions (*cf. Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411 [1990]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 32 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]). We would also note that while the court found "little justification for the parties' failure to complete the limited discovery required by this relatively simple case," the court did not put the blame for this delay exclusively on defendant.

We would add that at least to the extent that the motion to compel disclosure was based on the crime-fraud exception to the attorney-client privilege, it was not frivolous. Defendant's attorney asserted that plaintiffs' former attorney withdrew before commencing an action and after defendant's attorney presented certain evidence to him belying plaintiffs' version of the facts; that plaintiffs' former attorney must have advised plaintiffs that their claims were without merit before withdrawing, yet plaintiffs and their present attorneys went ahead and commenced the action anyway; and that since an intentionally false statement in a sworn document filed with the court constitutes the crime of perjury, the crime-fraud exception to the attorney-client privilege applies (citing *Superintendent of Ins. of State of N.Y. v Chase Manhattan Bank*, 43 AD3d 514 [2007]). While it may be, as the motion court held, that plaintiffs' former attorney's opinion concerning the truth of plaintiffs' allegations is irrelevant on the issue of whether the complaint is perjurious, it was not frivolous for defendant to argue the contrary, and to seek disclosure of that opinion based on the crime-fraud exception. Concur—Mazzarelli, J.P., Nardelli, Catterson and Roman, JJ.