NTL CAPITAL, LLC, Assignee of Wells Fargo Bank of Minnesota National Association, Respondent, v RIGHT TRACK RECORDING, LLC, et al., Appellants, et al., Defendant. [901 NYS2d 4]—

Order, Supreme Court, New York County (Debra A. James,

J.), entered February 9, 2009, which denied the motion of defendants Right Track Recording, LLC and Legacy Recording Studio to dismiss the complaint as against them, unanimously modified, on the law, to dismiss the second, fourth, fifth, sixth and seventh causes of action against Legacy, and otherwise affirmed, without costs.

Contrary to Right Track's contention, plaintiff, as assignee of the equipment lease entered into between Wells Fargo Bank and Right Track, has standing to bring this action to enforce the terms of the lease. Pursuant to the settlement agreement between Wells Fargo and Right Track, the lease and its terms remain in full force and effect because Right Track failed to pay the settlement amount. Accordingly, pursuant to the terms of the lease, Wells Fargo was entitled to assign the lease to plaintiff, and plaintiff was entitled to enforce its rights thereunder. Although Wells Fargo filed a proof of claim in Right Track's bankruptcy proceeding setting forth as its unsecured, nonpriority claim the amount due under the settlement agreement, plaintiff is seeking to enforce its rights under the lease, not under the settlement agreement, and it may seek the full amount due under the lease. Contrary to Right Track's assertion, plaintiff was not required to comply with the notice provisions in the settlement agreement. Nor is there any indication that it was required to provide notice of default under the terms of the lease.

The first cause of action, as amplified by plaintiff's opposition papers, sufficiently pleads a breach of the lease against Legacy, based on the doctrine of de facto merger (see Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [2001]). The motion court also correctly determined that Legacy may be a mere continuation of Right Track and thus may be held responsible for Right Track's preexisting liabilities. Contrary to Legacy's contention, the documentary evidence does not conclusively establish that Right Track is still in existence (compare Schumacher v Richards Shear Co., 59 NY2d 239, 244 [1983]). In any event, plaintiff sufficiently pleaded the mere continuation exception to the rule against successor liability by showing that Legacy has acquired Right Track's business location, employees, management and goodwill (see Societe Anonyme Dauphitex v Schoenfelder Corp., 2007 WL 3253592, *5-6, 2007 US Dist LEXIS 81496, *14-16 [SD NY 2007]).

Plaintiff concedes that its second cause of action, alleging estoppel, should be dismissed as against Legacy. The third cause of action, for unjust enrichment, is supported by sufficient factual allegations. There being no lease between plaintiff and

Legacy, plaintiff is not precluded from alleging unjust enrichment as against Legacy (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149 [2009]).

The fourth cause of action, for conversion, is duplicative of the breach of contract cause of action (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 306 [2003]; *Wolf v National Council of Young Israel*, 264 AD2d 416, 416-417 [1999]).

The sixth cause of action, alleging a violation of Debtor and Creditor Law § 276, is not pleaded with sufficient particularity (*see* CPLR 3016 [b]; *Wildman & Bernhardt Constr. v BPM Assoc.*, 273 AD2d 38, 38-39 [2000]). The fifth and seventh causes of action, alleging violations of Debtor and Creditor Law §§ 273 and 274, respectively, contain only legal conclusions and no specific factual allegations (*see Between The Bread Realty Corp. v Salans Hertzfeld Heilbronn Christy & Viener*, 290 AD2d 380, 381 [2002], *lv denied* 98 NY2d 603 [2002]). In any event, the documentary evidence refutes these claims as a matter of law. It indicates that Legacy's first-priority, secured claim far exceeds the value of Right Track's foreclosed-upon assets and dwarfs plaintiff's unsecured claim. Thus, there would have been no property available to satisfy plaintiff's claims even if there had been no fraudulent conveyance (*see Marine Midland Bank v Murkoff*, 120 AD2d 122, 133 [1986], *appeal dismissed* 69 NY2d 875 [1987]; *Miller v Forge Mench Partnership Ltd.*, 2005 WL 267551, *5, 2005 US Dist LEXIS 1524, *14-18 [SD NY 2005]). Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ.