*450 Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 14, 2011, which granted defendant’s motion to dismiss the complaint, unanimously affirmed, without costs.
The parties, who are divorced, share an extensive business, financial and litigation history. In September 1998, plaintiff commenced an action against defendant (Ray v Ray, Sup Ct, NY County, index No. 604381/98) (1998 action) for money damages stemming from a promissory note and confession of judgment that defendant signed, as well as a trading agreement. Defendant retained the Dechert LLP law firm in October 1998 to represent her in that action and the Dechert firm continued to represent her at least through June 2009.
Following motions by each side for summary judgment, the motion court dismissed the 1998 action in its entirety by order dated January 11, 2008. Plaintiff filed a notice of appeal on March 20, 2008, and in its order dated April 7, 2009, this Court reversed the motion court’s order and reinstated the complaint (61 AD3d 442 [1st Dept 2009]). Although this Court found that the confession of judgment was not timely filed within three years, as required under CPLR 3218, the underlying debt was not extinguished (id. at 443).
After the trial court’s decision, but before this Court reversed and reinstated the complaint in the 1998 action, defendant took steps to refinance her apartment. A mortgage company acquired a recorded security interest in the apartment on January 15, 2008, and the closing of the refinanced mortgage occurred on April 21, 2008. On May 6, 2008, defendant paid her attorneys $80,000 in legal fees using the proceeds. Plaintiff initially commenced an action against defendant, the Dechert firm and “unknown others” by filing a summons with notice (index No. 101315/10), asserting that defendant’s payment of legal fees to the Dechert firm was a fraudulent conveyance. Plaintiff did not further pursue that action, however, and instead brought the action at bar. In his amended verified complaint, plaintiff seeks, among other things, a constructive trust imposed on the proceeds of the refinance and a permanent injunction against defendant’s fraudulent conveyances of those proceeds. In the complaint, defendant makes numerous references to the 1998 action and includes the complaint in the 1998 action as an exhibit to the complaint herein.
In this complaint, plaintiff alleges that defendant “fully mortgaged her co-op apartment,” her only significant asset, so *451 as to make herself insolvent and avoid paying him money damages in the 1998 action. The complaint also alleges that defendant’s undue haste in paying Dechert’s fees, and the “unprofessional manner” of her payments demonstrate she made the conveyance in bad faith. The motion court dismissed the complaint finding that there were no “badges of fraud” because there was no judgment against her, defendant did not begin the mortgage process until after she prevailed in having the 1998 action dismissed, and there was no close relationship between defendant and the Dechert firm.
Plaintiffs claim against defendant is for actual, not constructive fraud. A claim under the Debtor and Creditor Law for actual fraud, as opposed to constructive fraud, in making the conveyance alleged does not require proof of unfair consideration or insolvency, allowing the plaintiff to rely on so-called “badges of fraud” to prove his case (see Debtor and Creditor Law §§ 270, 273, 275, 276; Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). Badges of fraud are circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent (see Wall St. Assoc. v Brodsky, 257 AD2d at 529; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-39 [1st Dept 2000]).
Since the motion that is the subject of this appeal is for an order dismissing the complaint based upon CPLR 3211 (a), regardless of which subsection of CPLR 3211 (a) a motion to dismiss is brought under, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 99 [1st Dept 2012]).
The court below correctly dismissed the claims based upon Debtor and Creditor Law § 273-a because there was no judgment against defendant when she refinanced the mortgage and she had prevailed on having the 1998 action dismissed. Although plaintiff filed a notice of appeal, there was no stay against defendant taking the steps that she took.
Plaintiffs claims under Debtor and Creditor Law § 276 were also properly dismissed. Those claims were not pleaded with the particularity required under CPLR 3016 (b) (see NTL Capital, LLC v Right Track Rec., LLC, 73 AD3d 410, 412 [1st Dept 2010]; Wildman, 273 AD2d at 38-39). General statements by plaintiff that defendant “hastily” paid her legal fees, and that the timing of those payments was “suspect” because he had filed a no *452 tice of appeal, fail to support a cause of action for actual intent to defraud, even giving the plaintiff the benefit of every possible favorable inference. Defendant’s payment of legal fees to the attorneys who had represented her in the 1998 action almost from its inception until she could no longer afford to pay them, does not demonstrate circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent, regardless of whether the payment was for services already rendered or to be rendered in that ongoing action (see Wall St. Assoc. at 529; Wildman at 38-39).
A plaintiff may provide, and the court can consider, sworn affidavits to remedy any defects in the complaint and preserve a possibly inartful pleading that may contain a potentially meritorious claim (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]). Furthermore, facts submitted by the plaintiff in opposition to a motion to dismiss are also accepted as true (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]). Plaintiff argues that defendant’s intent can be inferred from certain statements she made. The statement defendant allegedly made in a phone conversation is not part of the record on appeal, and we decline to consider it (see Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d 51, 56 n [1997]). While defendant states in her reply affidavit that “[I would] probably prefer to be a debtor to anyone other than [p]laintiff,” given his “litigious history,” this statement does not supply facts missing from plaintiffs complaint that would satisfy the requirements of CPLR 3016. The words manifest an intent by defendant to pay plaintiff before other debtors, not the other way around.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Renwick, ManzanetDaniels, Gische and Clark, JJ.