16-1705-cv
Ray v. Watnick et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

---

Ames Ray,

> *Plaintiff-Appellant*,

> v.                                                            No. 16-1705-cv

Donald Watnick, Julie Stark,

> *Defendant-Appellees*.

---

FOR APPELLANT:          FRANK RAIMOND, Raimond & Wong LLC, New York, NY.

FOR APPELLEES:          CHERYL F. KORMAN (Janice J. DiGennaro, *on the brief*), Rivkin Radler LLP, Uniondale NY.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ames Ray appeals from the district court's decision granting the Defendants' motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

## I. Plausibility

We agree with the district court's determination that none of the allegedly deceitful statements set forth in the complaint could plausibly be understood to be deceitful when read in the proper context. The district court analyzed each of those statements in its written decision and explained why each failed to raise a plausible claim of deceit under New York Judiciary Law § 487. We affirm for substantially the reasons set forth in the district court's thorough and well-reasoned written decision.

## II. New York Judiciary Law § 487 "Extreme or Egregious" Standard

Because we affirm the district court's dismissal of the complaint on the independently sufficient ground of the implausibility of the allegations of intentional deceit, we need not reach

the issue of whether the allegations were, or needed to be, "extreme or egregious," so as to satisfy the requirements of New York Judiciary Law § 487.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk