PJSC Natl. Bank Trust v Pirogova (2023 NY Slip Op 02626)

PJSC Natl. Bank Trust v Pirogova

2023 NY Slip Op 02626

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 160130/20 Appeal No. 263 Case No. 2022-04001 

[*1]PJSC National Bank Trust, Plaintiff-Appellant,
v
Natalia Pirogova et al., Defendants-Respondents, NMP-Group LLC et al., Defendants.

Barclay Damon LLP, New York (Charles J. Nerko of counsel), for appellant.
Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for Natalia Pirogova, respondent.
Foley Hoag LLP, New York (Shrutih V. Tewarie of counsel), for M Investment Capital, LLC and Mark Shvartsburd, respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered February 14, 2022, which, insofar as appealed from as limited by the briefs, granted the motions to dismiss of defendants-respondents Natalia Pirogova, FGP 1, LLC, and M Investment Capital, LLC and Mark Schvartsburd to the extent of dismissing, with prejudice, the causes of action against them and defendant Luiza Dubrovsky for actual fraudulent conveyance in violation of the New York Debtor and Creditor Law § 276, unanimously modified, on the law, the motion to dismiss the Debtor and Creditor Law § 276 claims against Pirogova, Dubrovsky, and M Investment Capital denied and those claims reinstated, and otherwise affirmed, without costs.
The court should not have dismissed the actual fraudulence claims asserted against Pirogova, Dubrovsky, and M Investment Capital. The complaint alleges sufficient badges of fraud to support the cause of action against them, including allegations, pled with adequate particularity, that Pirogova and Dubrovsky engaged in a fraudulent scheme to hide from creditors, including plaintiff bank, certain property interests of the insolvent Pirogova by making Dubrovsky a "nominee" of her interests. She would then have Dubrovsky make, or attempt to make, assignments of those interests that would allow Pirogova to retain control of the interests after the conveyance  to M Investment Capital, who is owned by an "insider" who would have known about Pirogova's financial circumstances, if not the "sham" nature of the nominee and assignment transactions (see Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 166 AD3d 496 [1st Dept 2018]; Wall St. Assoc. v Brodsky, 257 AD2d 526, 528-529 [1st Dept 1999]).
Furthermore, the court correctly found that plaintiff did not sufficiently allege the "inadequate consideration" badge of fraud because the complaint did not include an allegation as to the value of the transferred property interests assigned to M Investment Capital for a total of $9 million in consideration. However, to the extent this allegation would support plaintiff's claims against M Investment Capital, the court should have dismissed the claim without prejudice to repleading it to assert sufficient allegations as to the value of the property.
The court properly granted dismissal of the actual fraudulence claim against FGP 1 LLC, because there is no allegation in the complaint that it completed any conveyance, nor is there any allegation that it was aware of the alleged conspiracy and scheme to defraud (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476 [1st Dept 2018]; Ray v Ray, 108 AD3d 449 [1st Dept 2013]).
We have considered the parties' remaining contentions, including Pirogova's newly raised argument that the action should be dismissed pursuant to a federal executive order concerning sanctions against certain Russian banks, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023