Ray v Ray (2024 NY Slip Op 05777)

Ray v Ray

2024 NY Slip Op 05777

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 604381/98 Appeal No. 3071-3072-3073 Case No. 2023-06761, 2023-06762, 2023-06763 

[*1]Ames Ray, Plaintiff-Appellant-Respondent,
v
Christina Ray, Defendant-Respondent-Appellant.

McLaughlin & Stern, LLP, New York (Peter C. Alkalay of counsel), for appellant-respondent.
Husch Blackwell LLP, New York (Matthew A. Beyer of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 12, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion in limine to preclude defendant from introducing evidence concerning the relationship between the parties before the agreements at issue and to clarify the standard governing the shifting of the burden of proof where the parties are in an alleged confidential relationship, and granted defendant's motion in limine to the extent of permitting the introduction of "relevant circumstantial evidence of the nature of the parties' relationship as evidence of what the relationship was at the time the agreement in question was executed," unanimously affirmed, with costs. Order, same court and Justice, entered August 9, 2023, which disposed of the case as set forth in the verdict sheet, unanimously affirmed. Order, same court and Justice, entered on or about December 4, 2023, which denied plaintiff's motion to set aside the jury verdict and denied defendant's motion for sanctions against plaintiff, unanimously modified, on the law and the facts, to grant the motion for sanctions, and otherwise affirmed, with costs awarded to defendant, and the matter remitted to Supreme Court for further proceedings in accordance with this decision.
Plaintiff contends that the verdict was not supported by legally sufficient evidence or was against the weight of the evidence because the parties clearly had "an agreement to cover losses" — the only question reached by the jury — even if the precise terms of that agreement, the presence or absence of a confidential relationship between the parties, and the applicability of plaintiff's duress and unconscionability affirmative defenses were unclear. Although it is clear that both parties believed themselves to have come to some agreement regarding losses, the jury could have reasonably concluded, based on the weight of the credible evidence, that there was no mutual assent to "all essential terms," and thus no enforceable agreement at all (see D'Artagnan, LLC v Sprinklr Inc., 192 AD3d 475, 476-477 [1st Dept 2021]; Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]). Although the scope of the alleged agreement is ostensibly within the scope of question two on the verdict sheet, which the jury did not reach, it is not possible to determine the existence of an enforceable agreement without deciding whether the parties mutually assented to all essential terms. If plaintiff truly believed that there could be no question as to the existence of an agreement as a matter of law, then he should not have agreed to (and even proposed) jury instructions and a verdict sheet assuming this was an open question. Plaintiff's failure to object to these items precludes his current arguments (see CPLR 4110-b; IGS Realty Co., L.P. v Brady, 149 AD3d 524, 524 [1st Dept 2017], lv dismissed 31 NY3d 1036 [2018]).
The jury could also reasonably have found, based on the weight of the credible [*2]evidence, that there was no enforceable agreement to cover losses because defendant did not receive any consideration in exchange for her promise to do so (see Holt v Feigenbaum, 52 NY2d 291, 299 [1981]; Kowalchuk, 61 AD3d at 121). Although this Court held in a prior appeal that "plaintiff's agreement to forbear liquidating the account in June" would be sufficient consideration, this forbearance could constitute consideration only if the agreement was entered into while the commodity account was still active, in May or June 1993, and not when the written document was signed in September 1993 (see Ray v Ray, 61 AD3d 442, 447 [1st Dept 2009]). As this Court recognized, the effective date of the agreement is not clear as a matter of law (see Ray v Ray, 180 AD3d 472, 474 [1st Dept 2020]; Ray, 61 AD3d at 446-447).
There is also no basis to set aside the verdict in the interest of justice. Supreme Court properly admitted evidence of the parties' relationship pre-separation, including their prior business dealings. Contrary to plaintiff's position otherwise, the evidence was not solely relevant to the already-dismissed first cause of action, nor was it introduced to denigrate plaintiff. Rather, the evidence provided necessary background information to place the parties' relationship and behavior in context and allow the jury to assess whether there was mutual assent, a confidential relationship, duress, or unconscionability (see People v Dorm, 12 NY3d 16, 19 [2009]; see also People v Leonard, 29 NY3d 1, 7 [2017]). Evidence of plaintiff's subsequent litigations against defendant and her attorneys was also properly admitted to rebut plaintiff's testimony attempting to distance himself from prior inconsistent statements in other proceedings by feigning ignorance about the litigation process. It does not matter whether the trial court erred in failing to properly instruct the jury regarding the burden of proof where the parties are alleged to be in a confidential relationship (an issue we do not reach) because the jury did not reach the question to which such an instruction would be relevant.
Supreme Court improvidently exercised its discretion in denying defendant an award of sanctions despite noting that plaintiff's "conduct was entirely frivolous," "abusive," and "fabricated." The record firmly established that plaintiff engaged in a persistent pattern of extended and largely meritless litigation against defendant (see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway, 76 NY2d 411, 414 [1990]; compare Sarkar v Pathak, 67 AD3d 606, 607 [1st Dept 2009]) and made false statements of material fact (see 22 NYCRR 130—1.1[c]; see e.g. Matter of Kover, 134 AD3d 64, 74-75 [1st Dept 2015]), rendering his conduct frivolous within the meaning of 22 NYCRR 130-1.1(c) and thereby warranting sanctions. Plaintiff's numerous lawsuits initiated against both defendant and her attorneys—six separate suits between 2010 and 2020, [*3]all dismissed at the pleading stage—strongly suggests that those lawsuits, along with the present action, were brought primarily to harass defendant (see 22 NYCRR 130-1.1[c]; see also Prins v Itkowitz & Gottlieb, 279 AD2d 274, 275 [1st Dept 2001]). Our prior decision holding that sanctions for frivolous conduct were not warranted does not affect our decision to grant the motion for sanctions here, as the result in our prior decision (Ray v Ray, 180 AD3d 472, 474 [1st Dept 2020]) was not based on these particular facts.
Therefore, defendant's motion to impose sanctions upon plaintiff pursuant to 22 NYCRR 130-1.1(a) is granted. Accordingly, we remit this matter to the trial court for a determination of appropriate sanctions to be imposed upon plaintiff (see Duval v Duval, 85 AD3d 1096, 1097 [2d Dept 2011]).
In light of plaintiff's long history of frivolous and abusive litigation against this defendant and her attorneys (e.g. Ray v Ray, 158 AD3d 578 [1st Dept 2018]; Ray v Ray, 108 AD3d 449 [1st Dept 2013]; Ray v Ray, 2021 WL 1164655; 2021 US Dist LEXIS 56990 [SD NY Mar. 25, 2021, 20 Civ. 6720 (PAE)]; Ray v Watnick, 182 F Supp 3d 23 [SD NY 2016], affd 688 Fed Appx 41 [2d Cir 2017]), plaintiff is restrained from commencing further proceedings against defendant or her attorneys without prior judicial permission.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024