**Ray v Ray**

2026 NY Slip Op 30680(U)

February 24, 2026

Supreme Court, New York County

Docket Number: Index No. 604381/1998

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

AMES RAY

                            Plaintiff,

               - v -

CHRISTINA RAY,

                        Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 604381/1998 |
| **MOTION DATE** | 07/31/2025 |
| **MOTION SEQ. NO.** | 020 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 020) 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218 were read on this motion to/for             JUDGMENT - MONEY                       .

Upon the foregoing documents, Christina Ray's motion seeking an award for sanctions against Ames Ray is GRANTED.

Reference is made to a Decision and Order of the Appellate Division (the **Appellate Division Decision**; *Ray v Ray*, 232 AD3d 497 [1st Dept 2024]), dated November 19, 2024, pursuant to which the Appellate Division held that it was an improvident exercise of discretion to not award sanctions to Christina Ray for the pattern of harassing meritless litigation that Ames Ray subjected her to over a 26 year period of time.  In that decision, the Appellate Division made it clear that the recoverable award was not limited to the cost incurred in connection with the most recent second trial between the former spouses by explaining that its prior sanctions determinations as to other vexatious litigation that Ames Ray caused Christina Ray to endure did not prevent such award:

**604381/1998   RAY, AMES vs. RAY, CHRISTINA**
Motion No.  020

**Page 1 of 9**

[* 1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 12, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion in limine to preclude defendant from introducing evidence concerning the relationship between the parties before the agreements at issue and to clarify the standard governing the shifting of the burden of proof where the parties are in an alleged confidential relationship, and granted defendant's motion in limine to the extent of permitting the introduction of "relevant circumstantial evidence of the nature of the parties' relationship as evidence of what the relationship was at the time the agreement in question was executed," unanimously affirmed, with costs. Order, same court and Justice, entered August 9, 2023, which disposed of the case as set forth in the verdict sheet, unanimously affirmed. Order, same court and Justice, entered on or about December 4, 2023, which denied plaintiff's motion to set aside the jury verdict and denied defendant's motion for sanctions against plaintiff, unanimously modified, on the law and the facts, to grant the motion for sanctions, and otherwise affirmed, with costs awarded to defendant, and the matter remitted to Supreme Court for further proceedings in accordance with this decision.

Plaintiff contends that the verdict was not supported by legally sufficient evidence or was against the weight of the evidence because the parties clearly had "an agreement to cover losses"—the only question reached by the jury—even if the precise terms of that agreement, the presence or absence of a confidential relationship between the parties, and the applicability of plaintiff's duress and unconscionability affirmative defenses were unclear. Although it is clear that both parties believed themselves to have come to some agreement regarding losses, the jury could have reasonably concluded, based on the weight of the credible evidence, that there was no mutual assent to "all essential terms," and thus no enforceable agreement at all (*see D'Artagnan, LLC v Sprinklr Inc.*, 192 AD3d 475, 476-477 [1st Dept 2021]; *Kowalchuk v Stroup*, 61 AD3d 118, 121 [1st Dept 2009]). Although the scope of the alleged agreement is ostensibly within the scope of question two on the verdict sheet, which the jury did not reach, it is not possible to determine the existence of an enforceable agreement without deciding whether the parties mutually assented to all essential terms. If plaintiff truly believed that there could be no question as to the existence of an agreement as a matter of law, then he should not have agreed to (and even proposed) jury instructions and a verdict sheet assuming this was an open question. Plaintiff's failure to object to these items precludes his current arguments (*see* CPLR 4110-b; *IGS Realty Co., L.P. v Brady*, 149 AD3d 524, 524 [1st Dept 2017], *lv dismissed* 31 NY3d 1036 [2018]).

The jury could also reasonably have found, based on the weight of the credible evidence, that there was no enforceable agreement to cover losses because defendant did not receive any consideration in exchange for her promise to do so (see *Holt v Feigenbaum*, 52 NY2d 291, 299 [1981]; *Kowalchuk*, 61 AD3d at 121). Although this Court held in a prior appeal that "plaintiff's agreement to forbear liquidating the account in June" would be sufficient consideration, this

[* 2]

forbearance could constitute consideration only if the agreement was entered into while the commodity account was still active, in May or June 1993, and not when the written document was signed in September 1993 (*see Ray v Ray*, 61 AD3d 442, 447 [1st Dept 2009]). As this Court recognized, the effective date of the agreement is not clear as a matter of law (*see Ray v Ray*, 180 AD3d 472, 474 [1st Dept 2020]; *Ray*, 61 AD3d at 446-447).

There is also no basis to set aside the verdict in the interest of justice. Supreme Court properly admitted evidence of the parties' relationship pre-separation, including their prior business dealings. Contrary to plaintiff's position otherwise, the evidence was not solely relevant to the already-dismissed first cause of action, nor was it introduced to denigrate plaintiff. Rather, the evidence provided necessary background information to place the parties' relationship and behavior in context and allow the jury to assess whether there was mutual assent, a confidential relationship, duress, or unconscionability (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *see also People v Leonard*, 29 NY3d 1, 7 [2017]). Evidence of plaintiff's subsequent litigations against defendant and her attorneys was also properly admitted to rebut plaintiff's testimony attempting to distance himself from prior inconsistent statements in other proceedings by feigning ignorance about the litigation process. It does not matter whether the trial court erred in failing to properly instruct the jury regarding the burden of proof where the parties are alleged to be in a confidential relationship (an issue we do not reach) because the jury did not reach the question to which such an instruction would be relevant.

Supreme Court improvidently exercised its discretion in denying defendant an award of sanctions despite noting that plaintiff's "conduct was entirely frivolous," "abusive," and "fabricated." The record firmly established that ***plaintiff engaged in a persistent pattern of extended and largely meritless litigation against defendant*** (*see Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v. 198 Broadway*, 76 N.Y.2d 411, 414, 559 N.Y.S.2d 866, 559 N.E.2d 429 [1990]; *compare Sarkar v. Pathak*, 67 A.D.3d 606, 607, 889 N.Y.S.2d 184 [1st Dept. 2009]) and made false statements of material fact (see 22 NYCRR 130–1.1[c]; *see e.g. Matter of Kover*, 134 A.D.3d 64, 74–75, 19 N.Y.S.3d 228 [1st Dept. 2015]), rendering his conduct frivolous within the meaning of 22 NYCRR 130–1.1(c) and thereby warranting sanctions. Plaintiff's numerous lawsuits initiated against both defendant and her attorneys—six separate suits between 2010 and 2020, all dismissed at the pleading stage— strongly suggests that those lawsuits, along with the present action, were brought primarily to harass defendant (see 22 NYCRR 130–1.1[c]; *see also Prins v. Itkowitz & Gottlieb*, 279 A.D.2d 274, 275, 719 N.Y.S.2d 228 [1st Dept. 2001]). ***Our prior decision holding that sanctions for frivolous conduct were not warranted does not affect our decision to grant the motion for sanctions here, as the result in our prior decision (Ray v. Ray, 180 A.D.3d 472, 474, 119 N.Y.S.3d 98 [1st Dept. 2020]) was not based on these particular facts.***

**604381/1998  RAY, AMES vs. RAY, CHRISTINA**
**Motion No.  020**

**Page 3 of 9**

[* 3]

Therefore, defendant's motion to impose sanctions upon plaintiff pursuant to 22 NYCRR 130-1.1 (a) is granted. Accordingly, we remit this matter to the trial court for a determination of appropriate sanctions to be imposed upon plaintiff (*see Duval v Duval*, 85 AD3d 1096, 1097 [2d Dept 2011]).

In light of plaintiff's long history of frivolous and abusive litigation against this defendant and her attorneys (e.g. *Ray v Ray*, 158 AD3d 578 [1st Dept 2018]; *Ray v Ray*, 108 AD3d 449 [1st Dept 2013]; *Ray v Ray*, 2021 WL 1164655, 2021 US Dist LEXIS 56990 [SD NY, Mar. 25, 2021, 20 Civ 6720 (PAE)]; *Ray v Watnick*, 182 F Supp 3d 23 [SD NY 2016], affd 688 Fed Appx 41 [2d Cir 2017]), plaintiff is restrained from commencing further proceedings against defendant or her attorneys without prior judicial permission.

(*Ray*, 232 AD3d at 497-500 [emphasis added]).[1]

In support of her application, Christina Ray adduces (i) an Affirmation (**Christina's July 31, 2025 Affirmation;** NYSCEF Doc. No. 178), dated July 31, 2025, and a second Affirmation, dated October 6, 2025 (**Christina's October 6, 2025 Affirmation**; NYSCEF Doc. No. 218; **Christina's July 31, 2025 Affirmation** and **Christina's October 6, 2025 Affirmation,** hereinafter**,** collectively, **Christina Ray's Affirmations**), (ii) invoices and emails from Dechert LLP (NYSCEF Doc. Nos. 179-181) in relation to this action (the **1998 Action**), (iii) invoices from the Law Offices of Donald Watnick and Ropers Majeski, PC in relation to the 1998 Action from May 30, 2012 to May 14, 2020 (NYSCEF Doc. No. 182), (iv) invoices from Ropers Majeski, Lewis Brisbois, Bisgaard & Smith, LLP and Husch Blackwell, LLP in relation to the

---

[1] The "long history of frivolous and abusive litigation" identified by the Appellate Division includes (i) proceedings relating to the 1998 Action, *i.e.* (x) *Ray v. Ray*, 2008 WL 10668172 (2008), (y) *Ray v Ray*, 61 AD3d 442 [1st Dept 2009], (z) *Ray v Ray*, 232 AD3d 497 [1st Dept 2024], (ii) the 2010 fraudulent conveyance action, i.e. *Ray v. Ray*, Sup Ct, NY County Index No. 652314/2010 and *Ray v Ray*, 108 AD3d 449 [1st Dept 2013], (iii) the 2014 fraudulent conveyance action, *i.e. Ray v Ray* (N.Y. Sup Ct, New York County 2016) and *Ray v Ray*, 158 AD3d 578 [1st Dept 2018], (iv) the 2018 fraudulent conveyance action, *i.e.* *Ray v Ray*, 18 CIV. 7035 (GBD), 2019 WL 1649981, at *1 [SDNY Mar. 28, 2019], affd, 799 Fed Appx 29 [2d Cir 2020], (v) the 2020 fraudulent conveyance action, i.e. *Ray v Ray*, 20 CIV. 6720 (PAE), 2021 WL 1164655, at *1 [SDNY Mar. 25, 2021], affd, 22 F4th 69 [2d Cir 2021] and a lawsuit brought against Christina Ray's former attorney, Donald Watnick (*Ray v. Watnick*, 182 F.Supp.3d 23 (S.D.N.Y. 2016), affd 688 Fed.Appx. 41 [2d Cir. 2017]).  The Watnick litigation is not included in this application (NYSCEF Doc. No. 177 n 1).

**604381/1998   RAY, AMES vs. RAY, CHRISTINA**
**Page 4 of 9**
Motion No.  020

4 of 9

1998 Action from May 17, 2020 to April 9, 2025 (NYSCEF Doc. No. 183), (v) invoices from Watnick Law in relation to the 2014 and 2018 fraudulent conveyance actions (NYSCEF Doc. Nos. 184-185), (vi) invoices from Ropers Majeski and Lewis Brisbois in relation to the 2020 fraudulent conveyance action (NYSCEF Doc. No. 186), (vii) checks paid to experts in relation to the 1998 Action (NYSCEF Doc. Nos. 187-188), (viii) invoices for amounts paid to various court reporters over the years (NYSCEF Doc. No. 189), (ix) credit card statements evidencing the payment of court fees over the years (NYSCEF Doc. No. 190), (x) invoices for the services of a contract attorney as trial support in the 1998 Action (NYSCEF Doc. No. 191), (xi) invoices for printing and related services (NYSCEF Doc. Nos. 192-193, 196), and (xii) documentation for travel, lodging and meal expenses in relation to the 1998 Action (NYSCEF Doc. Nos. 194-195).

In Christina Ray's Affirmations, Christina Ray explains the adduced supporting documentation and how Ames Ray caused her to incur $1,632,485.55 of attorneys' fees and $107,495.24 of expenses in connection with Ames Ray's prolonged lawfare campaign of harassment against her:[2]

    i.    $235,972.91 in attorneys' fees from the inception of the 1998 Action through the appeal of the parties' summary judgment motions (NYSCEF Doc. No. 178 ¶¶ 20-24; NYSCEF Doc. No. 218 ¶ 4; NYSCEF Doc. Nos. 178-181).

---

[2] In her Memorandum of Law, Christina Ray also indicates she is entitled to an award of sanctions in the amount of $100,000 in connection with the 2010 fraudulent conveyance action where she was a *pro se* litigant (NYSCEF Doc. No. 177 at 9-10). Nothing in Rule 130 prevents the award of sanctions related to this frivolous conduct. In the 2014 fraudulent conveyance action, Christina Ray incurred $112,743.53 of attorneys' fee and $787.93 of expenses. In the 2018 fraudulent conveyance action, Christina Ray incurred $22,979.40 of attorneys' fee and $865.56 of expenses. In the 2020 fraudulent conveyance action, Christina Ray incurred $28,465.24 of attorneys' fees and $400 of expenses. In connection with the 2010 fraudulent conveyance action, Christina Ray incurred $3,706.10 of expenses. She is certainly entitled to this amount. However, the Court declines to award what would at bottom amount to compensation for Christina Ray's time as additional sanction.

[* 5]

ii.    $1,052,085.78 in attorneys' fees and $77,290.00 in costs and expenses from the date of the Appellate Division's decision reversing summary judgment until the Appellate Division's decision partially remanding this matter back to the trial court for a second trial (NYSCEF Doc. No. 178 ¶¶ 25-28; NYSCEF Doc. No. 218 ¶ 5; NYSCEF Doc. No. 182).

iii.    $180,238.69 in attorneys' fees and $24,445.65 in costs and expenses from the date of the Appellate Division's decision remanding her second cause of action for a second trial, through the date of the Appellate Division Decision (NYSCEF Doc. No. 178 ¶¶ 29-30; NYSCEF Doc. No. 183).

iv.    $3,706.10 in costs and expenses incurred in the 2010 fraudulent conveyance action in which Christina Ray appeared pro se (NYSCEF Doc. No. 178 ¶¶ 43-44; NYSCEF Doc. No. 197 ¶¶ 51-52; NYSCEF Doc. No. 189).

v.    $112,743.53 in attorneys' fees and $787.93 in costs and expenses in the 2014 fraudulent conveyance action (NYSCEF Doc. No. 178 ¶¶ 32-33; NYSCEF Doc. No. 184).

vi.    $22,979.40 in attorneys' fees and $865.56 in costs and expenses in the 2018 fraudulent conveyance action (NYSCEF Doc. No. 178 ¶¶ 34-36; NYSCEF Doc. No. 185).

vii.    $28,465.24 in attorneys' fees and $400.00 in costs and expenses in the 2020 fraudulent conveyance action (NYSCEF Doc. No. 178 ¶¶ 37-38; NYSCEF Doc. No. 186).

604381/1998  RAY, AMES vs. RAY, CHRISTINA
Motion No.  020

Page 6 of 9

[* 6]

In his opposition papers, Ames Ray first argues that sanctions should not be awarded at all. He then argues that if the Court were to award sanctions, sanctions should be limited to (x) penalties and costs resulting from Ames Ray's false statements made during the second trial, or (y) the attorneys' fees, costs, and expenses incurred by Christina Ray in relation to the second trial, as Christina Ray allegedly initially requested in her cross-motion for sanctions (NYSCEF Doc. No. 96). He also argues, among other things, that certain of the costs Christina Ray seeks relate to lawsuits in which she was not the "prevailing party." Lastly, he argues that the fees Christina Ray seeks for her *pro se* representation are not recoverable. These arguments are largely without merit or otherwise fundamentally at odds with the Appellate Division Decision.[3]

Thus, the motion seeking an award for sanctions against Ames Ray is granted and Christina Ray is entitled to $1,632,485.55 of attorneys' fees and $107,495.24 of expenses.[4] Christina Ray is not however entitled to $100,000 of fees for her *pro se* appearance in the 2010 fraudulent conveyance action (*Kay v Ehrler*, 499 US 432, 435, 111 S Ct 1435, 1436 [1991]). She is however entitled to her third-party expenses.

Interest shall be calculated by the Clerk of the Court from the date that Christina Ray "was determined to be the prevailing party" in each of the claims against her (*Solow Mgt. Corp. v*

---

[3] 22 NYCRR 130–1.1(a) authorizes an award of costs or the imposition of sanctions in favor of "any party or attorney" in any civil proceeding "before the court" (22 NYCRR 130–1.1[a]). Per the Appellate Division Decision's remittitur, Ames Ray's pattern of harassing litigation for which Christina Ray is entitled to an award of sanctions is the matter "before the court" (*cf.* Matter of Alice D., 102 AD3d 685, 686 [2d Dept 2013]).

[4] In her reply papers, Christina Ray indicates that (i) a Dechert invoice for $1,288.20 was inadvertently included twice, (ii) amounts pertaining to a matter involving Marine Midbank was not related to the 1998 action, and (iii) it is unclear whether a $20,000 credit relating to Invoice No. 11811 from Watnick Law had already been incorporated in other write-downs and credits from Watnick Law (NYSCEF Doc. No. 216 at 4-6). In her Reply Memorandum of Law, she has excluded the Dechert invoice and the Marine Midbank amounts and deducted the $20,000 from the Watnick invoice such that the $1,739,980.79 does not include the duplicate Dechert invoice and the Marine Midbank amounts and accounts for the $20,000 credit from Watnick Law.

*Tanger*, 19 AD3d 225, 226 [1st Dept 2005]). With respect to the first trial in the 1998 Action, Christina Ray was the prevailing party in the first trial in the 1998 Action when Ames Ray's first cause of action was properly dismissed on January 11, 2008 (*Ray v Ray* [N.Y. Sup Ct, New York County 2008]). Christina Ray was the prevailing party in the second trial in the 1998 action after the jury returned its verdict on August 7, 2023 (NYSCEF Doc. No. 83). Christina Ray was the prevailing party in the 2010 fraudulent conveyance action when it was dismissed on July 14, 2011 (*Ray v. Ray*, Sup Ct, NY County, Ramos, J., Index No. 652314/2010). Christina Ray was the prevailing party in the 2014 fraudulent conveyance action when it was dismissed on September 15, 2015 (*Ray v Ray* [N.Y. Sup Ct, New York County 2016]). Christina Ray was the prevailing party in the 2018 fraudulent conveyance action when it was dismissed on March 28, 2019 (*Ray v Ray*, 18 CIV. 7035 (GBD), 2019 WL 1649981, at *1 [SDNY Mar. 28, 2019], affd, 799 Fed Appx 29 [2d Cir 2020]). Finally, Christina Ray was the prevailing party in the 2020 fraudulent conveyance when it was dismissed on March 25, 2021 (*Ray v Ray*, 20 CIV. 6720 (PAE), 2021 WL 1164655, at *1 [SDNY Mar. 25, 2021], affd, 22 F4th 69 [2d Cir 2021]).

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that Christina Ray's motion seeking an award for sanctions against Ames Ray is GRANTED and Christina Ray is entitled to attorneys' fees, costs, and expenses as set forth above; and it is further

ORDERED that Christina Ray shall submit judgment.

604381/1998   RAY, AMES vs. RAY, CHRISTINA
Motion No.  020

Page 8 of 9

**2/24/2026**

**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | **X** | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**604381/1998   RAY, AMES vs. RAY, CHRISTINA**
**Motion No.  020**

**Page 9 of 9**

9 of 9