21-982-cv
*Ray v. Ray*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2021

No. 21-982-cv

AMES RAY
*Plaintiff-Appellant*,

v.

CHRISTINA RAY,
*Defendant-Appellee*,

John Doe Guarnerius Entities #1-20,
*Defendants*.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: DECEMBER 16, 2021
DECIDED: DECEMBER 27, 2021

---

* The Clerk of Court is directed to amend the caption as set forth above.

Before: CABRANES, PARKER, and LEE, *Circuit Judges*.

———————

Plaintiff Ames Ray appeals from the March 25, 2021, order of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*) granting Defendant Christina Ray's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the grounds that the complaint was time-barred. This appeal presents the following question: Does Civil Practice Law and Rules ("CPLR") section 205(a), New York's "Saving Statute," permit a litigant to file an otherwise untimely "new action" within six months of a prior action, where that "prior action" was, itself, only made timely by a previous application of section 205(a)? Finding that it does not, we **AFFIRM** the order of the District Court.

———————

RITA W. GORDON, New York, NY *for Plaintiff-Appellant*.

MATTHEW A. BEYER, Lewis Brisbois Bisgaard & Smith, LLP, New York, NY *for Defendant-Appellee.*

———————

PER CURIAM:

This appeal presents the following question: Does Civil Practice Law and Rules ("CPLR") section 205(a), New York's "Saving Statute," permit a litigant to file an otherwise untimely "new action" within six months of a "prior action," where that prior action was, itself, only made timely by a previous application of section 205(a)? Finding that it does not, we **AFFIRM** the order of the District Court (Paul A. Engelmayer, *Judge*).

## I. BACKGROUND

In 1993, following their divorce, Plaintiff Ames Ray ("Ames") invested $500,000 in the hedge fund business of Defendant Christina Ray ("Christina"). They entered into a contract under which Christina agreed to indemnify up to $350,000 in Ames's trading losses. Substantially all of Ames's $500,000 was lost, and Christina agreed to repay him under their contract, but did not do so. Ames sued Christina for breach of contract (the "1998 Action"). That litigation is ongoing.

Meanwhile, in April 2008, Christina mortgaged her co-op apartment for $500,000 and began transferring the proceeds to the John Doe Guarnerius Entities, various hedge funds. In two different state court lawsuits for fraudulent conveyance, filed in December 2010 (the "2010 Action") and April 2014 (the "2014 Action"), Ames alleged that Christina mortgaged her apartment and transferred the proceeds in order to render herself insolvent and thereby avoid paying any debts that might arise from the 1998 Action. Both the 2010 and 2014 actions were dismissed by the New York State Supreme

Court, and those dismissals were both affirmed by the Appellate Division, First Department.[1]

In August 2018, Ames filed a third fraudulent conveyance lawsuit against Christina (the "2018 Federal Action"), this one in the District Court for the Southern District of New York (George B. Daniels, *Judge*). This lawsuit alleged substantially the same theory as did the two prior state actions. Christina moved to dismiss the claims as time-barred based on a six-year statute of limitations,[2] since her allegedly fraudulent transfers occurred between 2008 and 2009, more than six years prior to the filing of the 2018 Federal Action. Ames defended his claim as timely under New York's "Saving Statute," CPLR section 205(a).

Section 205(a) states:

If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided

---

[1] *See Ray v. Ray*, 970 N.Y.S.2d 9 (1st Dep't 2013), and *Ray v. Ray*, 68 N.Y.S.3d 724 (1st Dep't 2018).

[2] *See* N.Y. C.P.L.R. § 213(1).

that the new action would have been timely commenced at the time of commencement of the prior action . . . .[3]

It was (and is) undisputed by the parties that the 2014 Action was timely. The 2018 Federal Action would have been untimely, except that it was brought within six months of the First Department's February 2018 affirmance of the dismissal of the 2014 Action, thus bringing it under CPLR section 205(a). Judge Daniels therefore found the 2018 Federal Action timely,[4] but he granted Christina's motion to dismiss for failure to state a claim on other grounds.[5] We affirmed that dismissal in January 2020.[6]

In July 2020, Ames again sued Christina in New York State Supreme Court in the action that gives rise to this appeal (the "2020 Action"). Ames alleged fraudulent conveyance under the New York Debtor & Creditor Law ("DCL") section 273, complaining, substantially as before, that Christina had mortgaged her apartment and transferred the proceeds in order avoid paying any debts that might arise from the 1998 Action. Christina removed the case to federal court based on diversity jurisdiction and moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), urging, *inter alia*, that the complaint was time-barred based on the six-year statute

---

[3] N.Y. C.P.L.R. § 205(a).

[4] *See Ray v. Ray*, No. 18-CV-7035, 2019 WL 1649981, at *3–4 (S.D.N.Y. Mar. 28, 2019).

[5] *Id.* at *5–11.

[6] *See Ray v. Ray*, 799 F. App'x 29 (2d Cir. 2020) (summary order).

of limitations. Ames again defended his claim as timely based on section 205(a). Judge Engelmayer found that the complaint was time-barred and granted Christina's motion to dismiss. Ames now appeals.

## II. DISCUSSION

"We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations . . . ."[7] "When sitting in diversity jurisdiction and determining New York state law claims, we must apply the law of New York . . . ."[8]

We affirmed the dismissal of the 2018 Federal Action in a summary order dated January 23, 2020.[9] Ames filed his initial complaint in the 2020 Action on July 8, 2020. Ames argues that because the 2020 Action was filed within six months of our dismissal of the 2018 Federal Action (which was, itself, timely based on section 205(a), having been filed within six months of the affirmance of the dismissal of the 2014 Action), the 2020 Action is timely.

---

[7] *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015).

[8] *Id.* (citation and internal quotation marks omitted); *see also Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York . . . statutes of limitations.").

[9] *See Ray*, 799 F. App'x 29.

As Judge Engelmayer explained, Ames "argues that [section] 205(a) effectively operates as a chain, making each successive lawsuit timely[,] provided that it was filed within six months of the termination of its predecessor (and that the initial action in the chain was timely)."[10]

The primary issue in this appeal, then, is whether section 205(a) permits successive re-filings in this manner. We agree with the District Court that this construction of section 205(a) is wrong.[11]

We address section 205(a) under well-established principles of statutory interpretation:

> When answering questions of statutory interpretation, we begin with the language of the statute. If the statutory language is unambiguous, we construe the statute according to the plain meaning of its words. We discern plain meaning by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute. Only when the terms are ambiguous or unclear do we consider legislative history and other tools of statutory interpretation.[12]

The interpretation of section 205(a) in this case is straightforward. By its own terms, section 205(a) can only be applied "provided that the

---

[10] Spec. App'x 11.

[11] *Id.*

[12] *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 171 (2d Cir. 2018) (citations and internal quotation marks omitted).

*new action* would have been timely commenced at the time of commencement of the *prior action*" (emphases added). For the purposes of evaluating whether it saves Ames's 2020 Action, the 2020 Action is clearly the "new action" under the statute. The "prior action" is the 2018 Action—*i.e.*, the one Ames argues was terminated "within [a] six-month period" before the filing of the new action, thereby saving the 2020 Action. The statute therefore requires us to ask whether the 2020 Action "would have been timely commenced at the time of commencement of" the 2018 Action. The 2018 Action was commenced on August 6, 2018. If the 2020 Action had been commenced at that time, almost nine years after Christina's allegedly fraudulent transfers, it would have been untimely.[13] Therefore, section 205(a) does not apply to the 2020 Action.

This reading of section 205(a) makes sense, and it accords with the basic purpose of the statute.[14]

By contrast, Ames's reading does not make sense. It would render meaningless the statute's requirement that "the new action would have been timely commenced at the time of commencement of

---

[13] *See Jaliman v. D.H. Blair & Co.*, 964 N.Y.S.2d 112, 114 (1st Dep't 2013) ("New York law provides that a claim for constructive fraud is governed by the six-year limitation set out in CPLR 213(1), and that such a claim arises at the time the fraud or conveyance occurs." (citation omitted)).

[14] *Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir. 2003) ("The purpose of [section] 205(a) is to avert unintended and capricious unfairness by providing that if the first complaint was timely but was dismissed for . . . curable reasons, the suit may be reinstituted within six months of the dismissal.").

the prior action" and it would—as the facts of this case demonstrate—permit a litigant to frustrate the statute of limitations entirely by filing new actions within six months of dismissals, in perpetuity.[15]

It is unsurprising, then, that both federal and New York courts have consistently described section 205(a) as authorizing a "second" opportunity to file a claim after a "first" or "initial" claim is dismissed on a non-merits final judgment.[16]

Finally, Ames invites us to certify the question of the proper interpretation of section 205(a) to the New York Court of Appeals. This we decline to do.

---

[15] *See* Spec. App'x 13 ("Otherwise, were Ames to bring yet another such action . . . within six months of the affirmance of this Court's dismissal, it, too, would elude the statute of limitations.").

[16] *See, e.g.*, *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) ("Section 205(a) . . . merely allows the plaintiffs an additional six months in which to bring another action based on the same occurrences, after their timely *initial* complaint was dismissed for procedural defects." (emphasis added)); *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*, 122 N.E.3d 40, 42 (N.Y. 2019) ("As a general rule, under CPLR 205(a) a subsequent action may be filed within six months of a non-merits dismissal of the *initial* timely-filed matter." (emphasis added)); *George v. Mt. Sinai Hosp.*, 390 N.E.2d 1156, 1161 (N.Y. 1979) ("The very function of [section 205(a)] is to provide a *second* opportunity to the claimant who has failed the *first* time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim." (emphases added)); *Moran v. County of Suffolk*, 138 N.Y.S.3d 92, 96 (2d Dep't 2020) ("CLPR 205(a) . . . saves only those claims that were timely interposed in the *first* action." (emphasis added) (citation and internal quotation marks omitted)).

Our certification of a question of law to the New York Court of Appeals is discretionary.[17] Certification "must not be a device for shifting the burdens of this Court to those whose burdens are at least as great."[18] "In the past, we have certified questions to the New York Court of Appeals . . . where the statute's plain language does not indicate the answer . . . ."[19] But here, as discussed, the statute's plain text *does* indicate the answer.[20]

We have noted that "there are drawbacks to certification," as the specific situation of this litigation demonstrates.[21] First, "while certification can serve federalism objectives, significant federalism interests can also cut *against* certification," particularly in diversity jurisdiction cases where "certification . . . substantially undermines the diverse litigant's entitlement to the federal forum."[22] Christina specifically chose to remove Ames's 2020 Action from state to federal court, and we see no reason to needlessly upset her right to removal here.

---

[17] *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 41 (2d Cir. 2010).

[18] *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 156 (2d Cir. 2016) (quoting *Kidney by Kidney v. Kolmar Labs., Inc.*, 808 F.2d 955, 957 (2d Cir. 1987)).

[19] *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 51 (2d Cir. 1992).

[20] *Cf. id.* at 52 ("The statute is clear, and none of [the Appellant's] arguments raises a serious question about the correct interpretation of the language.").

[21] *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 81 (2d Cir. 2021) (Leval, J.).

[22] *Id.* (citation and internal quotation marks omitted).

Additionally, as Judge Leval recently reminded us, "certification almost invariably results in substantial increase to the expenses the parties incur and inevitably delays the resolution of the case, sometimes for well more than a year."[23] Confronted with a series of litigations that has lasted more than two decades,[24] we are hardly inclined to require that the parties appear before more tribunals than are necessary to resolve their claims.

## III. CONCLUSION

To summarize, we hold that CPLR section 205(a), New York's "Saving Statute," does not permit a litigant to file an otherwise untimely "new action" within six months of a "prior action," where that prior action was, itself, only made timely by a previous application of section 205(a).

We have reviewed all of the arguments raised by Ames on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 25, 2021, order of the District Court.

---

[23] *Id.* (citation and internal quotation marks omitted).

[24] Spec. App'x 18 ("Enough is enough.").