Tumminia v Staten Is. Univ. Hosp. (2025 NY Slip Op 03352)

Tumminia v Staten Is. Univ. Hosp.

2025 NY Slip Op 03352

Decided on June 4, 2025

Appellate Division, Second Department

LaSalle, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2024-05449
2025-05244
 (Index No. 152268/23)

[*1]Frank Tumminia, etc., appellant, 
v
Staten Island University Hospital, et al., respondents.

APPEALS by the plaintiff, in an action, inter alia, to recover damages for negligence and wrongful death, from (1) a judgment of the Supreme Court (Lizette Colon, J.), dated March 6, 2024, and entered in Richmond County, and (2) a judgment of the same court dated March 7, 2024. The judgment dated March 6, 2024, upon so much of an order of the same court dated March 5, 2024, as granted that branch of the cross-motion of the defendant Staten Island University Hospital which was pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint insofar as asserted against it and thereupon directed dismissal of the complaint insofar as asserted against that defendant with prejudice, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against it with prejudice. The judgment dated March 7, 2024, upon so much of the order as granted that branch of the motion of the defendant Silver Lake Specialized Rehabilitation and Care Center, LLC, which was pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint insofar as asserted against it and thereupon directed dismissal of the complaint insofar as asserted against that defendant with prejudice, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against it with prejudice. The notice of appeal from the order is deemed to be a notice of appeal from the judgments (see CPLR 5512[a]).

Adams Law Firm, P.C., Bardonia, NY (Jeffrey M. Adams of counsel), for appellant.
Amabile & Erman, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn A. Lilling and Melissa A. Danowski], of counsel), for respondent Staten Island University Hospital.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Corey Shulman of counsel), for respondent Silver Lake Specialized Rehabilitation and Care Center, LLC.

LASALLE, P.J.

OPINION & ORDER
I. Introduction
The primary issue raised on this appeal is whether CPLR 205(a) permits a litigant to commence an otherwise untimely new action within six months of the dismissal of a prior action where that prior action was, itself, made timely only by a previous application of CPLR 205(a). This issue appears to be one of first impression in a State appellate court. Although the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) has answered this question in the negative (see Ray v Ray, 22 F4th 69 [2d Cir]), that holding is not binding on this Court, and we respectfully disagree with it and conclude that the plain language of CPLR 205(a) does allow a litigant to commence such an action. Accordingly, while the Supreme Court properly dismissed the instant complaint on the ground that the plaintiff had not yet obtained letters testamentary to become the personal representative of the decedent's estate, the dismissal should have been without prejudice [*2]instead of with prejudice.
II. Factual and Procedural Background
Prior to her death on September 19, 2019, Joan Tumminia (hereinafter the decedent) was a patient at intermittent times at the defendant Silver Lake Specialized Rehabilitation and Care Center, LLC (hereinafter the nursing home), and at other times at the defendant Staten Island University Hospital (hereinafter the hospital). The decedent allegedly suffered from pressure sores, also known as bedsores, that were a contributing factor in her death.
On June 28, 2021, the decedent's husband, Frank Tumminia (hereinafter the plaintiff), submitted letters testamentary to the Surrogate's Court, Richmond County, seeking his appointment as the executor of the decedent's estate. On December 31, 2021, the plaintiff, as "Proposed Executor of" the decedent's estate, commenced a prior action against the nursing home and the hospital. The complaint in the prior action sought to recover damages for negligence, a violation of Public Health Law § 2801-d, wrongful death, and lack of informed consent.
The nursing home moved pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint in the prior action insofar as asserted against it due to the plaintiff's lack of capacity to sue since he had not yet been appointed executor of the decedent's estate. The hospital cross-moved for the same relief. In an affirmation in opposition, the plaintiff's attorney noted that when an action has been commenced improperly in the name of a deceased plaintiff prior to the appointment of an administrator, it may be recommenced within six months pursuant to CPLR 205(a) even if the statute of limitations had expired in the interim. The plaintiff's attorney stated in the affirmation that "[a] Surrogates Court proceeding requesting an appointment of a personal representative has been filed." Attached to the affirmation was a copy of an email to the plaintiff's attorney from a Senior Surrogate Court Clerk dated July 1, 2021, stating:
"The Court received the Probate Petition for the e/o [the decedent]. An Amended Petition is needed . . . . Include the deceased daughter Denise Ann Tumminia Targia McMillan with date of death and include Targia McMillan's daughter in paragraph 6a. Is the granddaughter a minor or disabled? If neither exclude, the son-in-law. Who is McMillan and what was the relationship to Denise? A waiver will be needed, possibly one from the ex-son in law."
The plaintiff's attorney requested that the motion and the cross-motion be held in abeyance until such time as the Surrogate proceeding concluded, at which time the administrator of the decedent's estate could be substituted for the plaintiff. If the Supreme Court were to grant the motion and the cross-motion, the plaintiff's attorney requested that it not be on the merits and be without prejudice.
In an order dated June 13, 2023, the Supreme Court granted the motion and the cross-motion to dismiss the complaint in the prior action insofar as asserted against each of the defendants. The court explained that the "plaintiff has no standing; therefore, the action is dismissed."
On December 11, 2023, the plaintiff, again as "Proposed Executor" of the decedent's estate, commenced this action against the nursing home and the hospital. Apart from the index number, the summons and complaint in this action are exactly the same as the summons and complaint in the prior action. By notice of motion dated January 4, 2024, the nursing home moved, inter alia, pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint insofar as asserted against it due to lack of capacity to sue. In a supporting affirmation, the nursing home's attorney contended that "[o]nce again, Plaintiff lacks the legal capacity to bring this action, as he still has not obtained letters of administration." By notice of cross-motion dated January 12, 2024, the hospital cross-moved for the same relief. In opposition to the motion and the cross-motion, the plaintiff submitted affirmations of his attorney, who made the same arguments that he had made in opposition to the motion and the cross-motion to dismiss the complaint in the prior action. The plaintiff also submitted a "Notification of Filing" dated February 20, 2024, indicating that the plaintiff's application for probate of the decedent's will, originally submitted on June 28, 2021, had been approved for electronic filing with the Richmond County Surrogate's Court. In a reply affirmation, the nursing home's attorney asserted that the action should be dismissed with prejudice, contending that the Second Circuit had held in Ray v Ray that CPLR 205(a) authorizes only one six-month extension of the statute of limitations, not multiple extensions. The hospital's attorney also submitted a reply affirmation adopting the arguments of the nursing home's attorney.
In an order dated March 5, 2024, the Supreme Court granted those branches of the nursing home's motion and the hospital's cross-motion which were pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint insofar as asserted against each of them, and stated that the action was dismissed "with prejudice." Judgments were entered upon the order, dismissing the [*3]complaint insofar as asserted against each of the defendants "with prejudice." The plaintiff filed a notice of appeal from the order. We deem the notice of appeal to be a notice of appeal from the judgments (see CPLR 5512[a]).
III. The Supreme Court Properly Dismissed the Complaint for Lack of Capacity
EPTL 5-4.1(1) provides, in part, that the "personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued." Similarly, a cause of action for injury to person or property belonging to a decedent "may be brought or continued by the personal representative of the decedent" (id. § 11-3.2[b]). Thus, a "personal representative who has received letters of administration of a decedent's estate is the only party who is authorized to commence a survival action to recover damages for personal injuries sustained by the decedent or a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death" (Shelley v South Shore Healthcare, 123 AD3d 797, 797; see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 929, 932).
Because the plaintiff had not yet received letters of administration at the time that he commenced this action, the Supreme Court properly granted those branches of the nursing home's motion and the hospital's cross-motion which were pursuant to CPLR 3211(a)(3) and EPTL 5-4.1 to dismiss the complaint insofar as asserted against each of them (see Carrick v Central Gen. Hosp., 51 NY2d 242, 246; Cappola v Tennyson Ct., 230 AD3d 1553, 1554; Gulledge v Jefferson County, 172 AD3d 1666, 1667; Shelley v South Shore Healthcare, 123 AD3d at 798).
IV. However, the Supreme Court Should Not Have Dismissed the Complaint "With Prejudice" Because a Plaintiff May Take Advantage of CPLR 205(a) a Second Time
The plaintiff contends that the Supreme Court should not have dismissed this action with prejudice because when a complaint is dismissed for lack of capacity because the plaintiff has not yet obtained letters to administer a decedent's estate, CPLR 205(a) allows for the commencement of a new action within six months even if the statute of limitations has expired in the interim.
Relying on the Second Circuit's determination in Ray v Ray (22 F4th 69), the nursing home and the hospital contend that a plaintiff is only entitled to one extension of time to commence an action pursuant to CPLR 205(a). Since this is the second time the plaintiff has commenced an action as the proposed executor of the decedent's estate without having been appointed the estate's personal representative, the nursing home and the hospital contend that the plaintiff may not take advantage of CPLR 205(a) again. Since the causes of action in the complaint would now be time-barred without the operation of CPLR 205(a), the nursing home and the hospital contend that the Supreme Court properly dismissed the complaint "with prejudice." We disagree.
Without the operation of CPLR 205(a), the statute of limitations for all of the causes of action alleged in the complaint would have expired by September 19, 2022 (see CPLR 214[5]; 214-a; EPTL 5-4.1[1]). However, CPLR 205(a) provides:
"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
In Carrick v Central Gen. Hosp. (51 NY2d 242), the Court of Appeals held that when a timely complaint is dismissed because the plaintiff, as "proposed administratrix" of a decedent's estate, lacks capacity to commence the action, such a plaintiff who subsequently obtains letters of administration may take advantage of CPLR 205(a) and commence a new action within six months of the dismissal of the prior action, even if the statute of limitations would have otherwise expired in the interim (see Carrick v Central Gen. Hosp., 51 NY2d at 246-253; see also Cappola v Tennyson Ct., 230 AD3d at 1554; Gulledge v Jefferson County, 194 AD3d 1155, 1158; Brown v Lutheran Med. Ctr., 107 AD3d 837, 838; Snodgrass v Professional Radiology, 50 AD3d 883, 884-885; Mendez v Kyung Yoo, 23 AD3d 354, 355).
However, relying on Ray v Ray, the nursing home and the hospital contend that a plaintiff is only entitled to one extension of time to commence an action pursuant to CPLR 205(a). In Ray, the defendant mortgaged her cooperative apartment for $500,000 and began transferring the proceeds to various hedge funds (see Ray v Ray, 22 F4th at 71). In two different state court lawsuits alleging fraudulent conveyance, filed in December 2010 and April 2014, the plaintiff, who was the defendant's former husband, alleged that the defendant mortgaged her apartment and transferred the proceeds in order to render herself insolvent and thereby avoid paying debts that she owed the plaintiff (see id.). The 2010 and 2014 actions were dismissed for failure to plead with the requisite particularity and failure to state a cause of action, and the dismissals were affirmed by the Appellate Division, First Department (see Ray v Ray, 158 AD3d 578; Ray v Ray, 108 AD3d 449). In August 2018, the plaintiff commenced a third fraudulent conveyance lawsuit, this time in the United States District Court for the Southern District of New York (hereinafter the District Court), alleging substantially the same theory as did the prior two state court actions (see Ray v Ray, 22 F4th at 71). The defendant moved to dismiss the complaint, inter alia, as time-barred based on the six-year statute of limitations, since the allegedly fraudulent transfers occurred between 2008 and 2009 (see id.). The plaintiff defended the complaint as timely under CPLR 205(a) (see Ray v Ray, 22 F4th at 71). It was undisputed that the 2014 action was timely (see id. at 72). The 2018 federal action would have been untimely, except that it was brought within six months of the First Department's February 2018 affirmance of the dismissal of the 2014 action, thus bringing it under CPLR 205(a) (see Ray v Ray, 22 F4th at 72). The District Court therefore found the 2018 federal action timely, but granted the defendant's motion to dismiss for failure to state a claim (see id.). The Second Circuit affirmed that dismissal in January 2020 (see id.). In July 2020, the plaintiff commenced yet another action in the New York State Supreme Court alleging fraudulent conveyance, complaining, substantially as before, that the defendant had mortgaged her apartment and transferred the proceeds in order to avoid paying the plaintiff debts she owed him (see id.). The defendant removed the case to federal court based on diversity jurisdiction and moved to dismiss the complaint, contending that it was time-barred based on the six-year statute of limitations (see id.). The plaintiff again defended his claim as timely based on CPLR 205(a) (see Ray v Ray, 22 F4th at 72). The District Court granted the motion, and the Second Circuit affirmed the dismissal of the complaint as untimely, explaining:
"As [the District Court] explained, [the plaintiff] 'argues that [section] 205(a) effectively operates as a chain, making each successive lawsuit timely[,] provided that it was filed within six months of the termination of its predecessor (and that the initial action in the chain was timely).'
"The primary issue in this appeal, then, is whether section 205(a) permits successive re-filings in this manner. We agree with the District Court that this construction of section 205(a) is wrong.
* * *
"The interpretation of section 205(a) in this case is straightforward. By its own terms, section 205(a) can only be applied 'provided that the new action would have been timely commenced at the time of commencement of the prior action' (emphases added). For the purposes of evaluating whether it saves [the plaintiff's] 2020 Action, the 2020 Action is clearly the 'new action' under the statute. The 'prior action' is the 2018 Action—i.e., the one [the plaintiff] argues was terminated 'within [a] six-month period' before the filing of the new action, thereby saving the 2020 Action. The statute therefore requires us to ask whether the 2020 Action 'would have been timely commenced at the time of commencement of' the 2018 Action. The 2018 Action was commenced on August 6, 2018. If the 2020 Action had been commenced at that time, almost nine years after [the defendant's] allegedly fraudulent transfers, it would have been untimely. Therefore, section 205(a) does not apply to the 2020 Action.
"This reading of section 205(a) makes sense, and it accords with the basic purpose of the statute.
"By contrast, [the plaintiff's] reading does not make sense. It would render meaningless the statute's requirement that 'the new action would have been timely commenced at the time of commencement of the prior action' and it would—as the facts of this case demonstrate—permit a litigant to frustrate the statute of limitations entirely by filing new actions within six months of dismissals, in perpetuity.
"It is unsurprising, then, that both federal and New York courts have consistently described section 205(a) as authorizing a 'second' opportunity to file a claim after a 'first' or 'initial' claim is dismissed on a non-merits final judgment.
* * *
"To summarize, we hold that CPLR section 205(a), New York's 'Saving Statute,' does not permit a litigant to file an otherwise untimely 'new action' within six months of a 'prior action,' where that prior action was, itself, only made timely by a previous application of section 205(a)" (id. at 72-75 [footnotes omitted]).[FN1]
A federal court's interpretation of New York law is, of course, not binding on a New York court. Indeed, even on questions of federal law, this Court is not bound by decisions of intermediate federal courts such as the Second Circuit (see Matter of Seltzer v New York State Democratic Comm., 293 AD2d 172, 174). The issue of whether CPLR 205(a) permits a litigant to file an otherwise untimely new action within six months of the dismissal of a prior action where that prior action was, itself, only made timely by a previous application of CPLR 205(a) appears to be an issue of first impression in the New York State appellate courts. Respectfully, we disagree with the Second Circuit and conclude that the plain language of CPLR 205(a) does allow for such a successive application of CPLR 205(a).
"When resolving a question of statutory interpretation, the primary consideration is to ascertain and give effect to the legislature's intent" (People v Schneider, 37 NY3d 187, 196). The "plain language of the statute [is] 'the clearest indicator of legislative intent'" (id. [internal quotation marks omitted], quoting Matter of Marian T. [Lauren R.], 36 NY3d 44, 49).
As noted above, CPLR 205(a) provides that "[i]f an action is timely commenced and is terminated in any other manner than [certain specified manners], the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action" (emphasis added). Here, in determining whether the complaint was properly dismissed "with prejudice," the issue is whether a new action commenced within six months of the dismissal of the instant action "would have been timely commenced at the time of commencement of the prior action" (id.), i.e., whether the new action would have been timely commenced at the time of the time of commencement of the instant action. Such a new action "would have been timely commenced at the time of commencement" of the instant action because as a result of the plain language of CPLR 205(a), the instant action, which was commenced within six months of the dismissal of the prior action, was timely. That is, when there are three successive actions filed, with the second and third being commenced within six months of the dismissal of the previous action, the third action "would have been timely commenced at the time of commencement of" the second action because, as a result of CPLR 205(a), the second action was timely. The fact that the second action was timely only as a result of the operation of CPLR 205(a) does not detract from the fact that it was, in fact, timely, meaning that the third action "would have been timely commenced at the time of commencement" of the second action.
Notably, in 2022, the Legislature enacted the Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821), which "replaced the savings provision of CPLR 205(a) with CPLR 205-a [containing a similar six-month savings provision] in actions upon instruments described in CPLR 213(4)," including foreclosure actions (Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625). The newly-enacted CPLR 205-a(a)(2) specifically provides that "in no event shall the original plaintiff receive more than one six-month extension." Although FAPA made a change [*4]to CPLR 205 by providing that CPLR 205 "shall not apply to any proceeding governed by" CPLR 205-a (id. § 205[c]; see L 2022, ch 821, § 5), it did not add a similar provision to CPLR 205(a) stating that the original plaintiff shall not receive more than one six-month extension. The fact that the Legislature included this language in CPLR 205-a but not in CPLR 205(a) is further evidence that it did not intend for a plaintiff to be limited to one six-month extension under CPLR 205(a) (see Rivers v Birnbaum, 102 AD3d 26, 36).
In addition, the facts of this case are distinguishable from Ray because in Ray, the prior actions were dismissed for failure to state a cause of action. Here, the prior action and this action were dismissed for lack of capacity because the plaintiff had applied for but not yet received letters of administration to act as the personal representative of the decedent. There may be situations where a plaintiff is unable to obtain letters of administration within six months through no fault of his or her own. In such a situation, it would be inequitable for an action to become barred by the statute of limitations. This could be a problem particularly for causes of action with very short statutes of limitations, such as causes of action against municipalities (see General Municipal Law § 50-i[1]). Indeed, here, it is unclear whether the plaintiff's failure to obtain letters of administration within six months of the dismissal of the prior action was his own fault. The plaintiff had applied for letters of administration approximately two years prior to the dismissal of the prior action. If this Court were to apply the Ray analysis in such situations, it would preclude an estate from being able to recover damages for personal injury or wrongful death through no fault of its own.
V. Conclusion
For the foregoing reasons, the judgment dated March 6, 2024, is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the hospital with prejudice, and substituting therefor a provision dismissing the complaint insofar as asserted against the hospital without prejudice; as so modified, the judgment dated March 6, 2024, is affirmed, and the order dated March 5, 2024, is modified accordingly. The judgment dated March 7, 2024, is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the nursing home with prejudice, and substituting therefor a provision dismissing the complaint insofar as asserted against the nursing home without prejudice; as so modified, the judgment dated March 7, 2024, is affirmed, and the order dated March 5, 2024, is modified accordingly.
BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ORDERED that the judgment dated March 6, 2024, is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Staten Island University Hospital with prejudice, and substituting therefor a provision dismissing the complaint insofar as asserted against that defendant without prejudice; as so modified, the judgment dated March 6, 2024, is affirmed, and the order dated March 5, 2024, is modified accordingly; and it is further,
ORDERED that the judgment dated March 7, 2024, is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Silver Lake Specialized Rehabilitation and Care Center, LLC, with prejudice, and substituting therefor a provision dismissing the complaint insofar as asserted that defendant without prejudice; as so modified, the judgment dated March 7, 2024, is affirmed, and the order dated March 5, 2024, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: The Second Circuit declined the plaintiff's request to certify the question of the proper interpretation of CPLR 205(a) to the New York Court of Appeals (see Ray v Ray, 22 F4th at 74). The Second Circuit explained that it denied this request because (1) certification of a question of law to the New York Court of Appeals is discretionary; (2) the Second Circuit considered the plain language of the statute to be clear; (3) certification would undermine the defendant's right to remove the case to a federal forum based on diversity jurisdiction; and (4) certification would prolong the resolution of a case that had involved a series of litigations lasting more than two decades (see id.).