Westminster Apts. LLC v Deetjen (2025 NY Slip Op 25221)

[*1]

Westminster Apts. LLC v Deetjen

2025 NY Slip Op 25221

Decided on October 6, 2025

Civil Court Of The City Of New York, Kings County

Danescu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 6, 2025

Civil Court of the City of New York, Kings County

Westminster Apartments LLC, Petitioner,

against

Hans Deetjen, et al, Respondents.

Index No. 303438/2025

Avi M. Peison, Esq.
626 Sheepshead Bay Road, Suite 620
Brooklyn, New York 11224
Attorneys for Petitioner

The Legal Aid Society by Alexander Roos, Esq.
111 Livingston Street , 7th Floor
Brooklyn, New York 11201
Attorneys for Respondent Hans Deetjen

Madalina Danescu, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.

Papers Numbered
Notice of Motion with Affirmations & Memorandum of Law in Support
[W/ Exhibits] [NYSCEF Doc. Nos. 19-24] 1
Affirmation in Opposition to Motion [NYSCEF Doc. No. 25] 2
Memorandum of Law in Reply [NYSCEF Doc. No. 26] 3
After argument held on September 30, 2025, and upon the foregoing cited papers, the decision and order on this motion is as follows:

FACTUAL & PROCEDURAL HISTORY

This summary holdover proceeding was commenced by Westminster Apartments LLC ("petitioner") against Hans Deetjen, Tristin Thomas, Shane Stewart, Jane Doe & John Doe ("respondents"). Petitioner seeks possession of 405 Westminster Road, Apt. LD4, Brooklyn, NY 11218 (the "subject premises" or "apartment") on the grounds that respondents were committing or permitting a nuisance and/or breached the lease by engaging in objectionable conduct. (see NYSCEF Doc. No. 1). Petitioner served a 10-day notice to cure in July 2024 and a 10-day termination notice in November 2024. (see NYSCEF Doc. No. 1).

Several months after the initial court date on May 29, 2025 (after dismissal for both sides' failure to appear, and two adjournments for respondent to appear), respondent Deetjen ("respondent") obtained counsel and filed the instant motion to dismiss pursuant to 15 U.S. Code § 9058 (the "CARES Act") and CPLR § 3211.

Essentially, respondent argues the instant proceeding is defective and requires dismissal, [*2]alleging noncompliance with the CARES Act because petitioner did not serve a 30-day termination notice.

Petitioner does not dispute that the building is subject to a federally backed Fannie Mae mortgage, as alleged by respondent. (see NYSCEF Doc. Nos. 22-24).

As such, respondent argues the building (and his apartment therein) is a covered property under the CARES Act. Petitioner concedes the CARES Act is applicable to non-payment proceedings, but not to this holdover.

Respondent's motion cites to multiple cases wherein other trial-level courts in New York City have dismissed non-payment proceedings for failure to comply with the 30-day notice requirement under the CARES Act where only 14-day rent demands were served for covered properties.[FN1]
Similarly, respondent cites to courts in other states dismissing non-payment cases for covered properties where landlords did not comply with the 30-day notice requirement of the CARES Act. (see NYSCEF Doc. No. 21).

Respondent argues that, despite all the cases he cites to being non-payment proceedings, "there is no reason why the CARES Act wouldn't apply to holdovers." According to respondent, the plain reading of 15 USC § 9058(c) makes it equally applicable to a non-payment as well as to a holdover because it does not contain the limiting language referring to non-payments that 15 USC § 9058(b) contains. While the 120-day moratorium on commencing proceedings (which is now expired) is limited to non-payment cases (see 15 USC § 9058(b)(i)), respondent argues no such limiting language is included in 15 USC § 9058(c)(i).

Petitioner, on the other hand, is adamant that the provisions of the CARES Act, whether under 15 USC § 9058(b) or 15 USC § 9058(c), apply only to non-payment proceedings, as evidenced by the plain wording of the statute.

DISCUSSION

15 USC § 9058, known as the CARES Act, was enacted in response to the Covid-19 global pandemic and issued a 120-day moratorium on commencement of any non-payment proceedings by landlords of covered dwellings, including dwellings backed by a federally backed mortgage like the Fannie Mae mortgage at issue here. (see Belplain Realty Co. Inc v Caro, 85 Misc 3d 1278[A], *3, 4 [Civ Ct, Bronx County 2025]).

15 USC § 9058 states, in relevant part, as follows:

(b)Moratorium

During the 120-day period beginning on March 27, 2020, the lessor of a covered dwelling may not

(1)make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

(2)charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c)Notice

The lessor of a covered dwelling unit—

(1)may not require the tenant to vacate the covered dwelling unit before the date that is [*3]30 days after the date on which the lessor provides the tenant with a notice to vacate; and

(2)may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

If this were a non-payment proceeding, there would be little question as to whether the CARES Act 30-day notice provision were applicable. However, respondent maintains that the 30-day notice provision applies to holdover proceedings as well.

Respondent argues the notice provisions of the 15 USC § 9058(c) are bifurcated from the moratorium provisions of 15 USC § 9058(b), and that only the moratorium provisions are expressly limited to non-payment proceedings. However, he offers no legal authority in support of this argument.

In fact, the cases cited by respondent in support, whether within New York City or nationwide, all involve non-payment proceedings and the applicability of the 15 USC § 9058(c) notice provisions to the non-payment proceeding at issue in those cases.

Respondent even argues that Andrews Plaza Housing Associates LP v. Rodriguez, LT-310838-23/BX (Civ Ct, Bronx County 2023) (Lutwak, J.), a non-payment case, supports his claim of a bifurcated statute. However, the court in Andrews Plaza made no such finding, nor did the court discuss the applicability of the CARES Act to holdover proceedings at any point.

Indeed, the court's entire analysis in Andrews Plaza was centered around the non-payment cause of action and found that dismissal was required because the CARES Act applied to that particular non-payment case. (Andrews Plaza Housing Associates LP v. Rodriguez, LT-310838-23/BX at Pg. 4 ["The CARES Act 30-day notice requirement applies to this eviction proceeding based on nonpayment of rent where the landlord seeks either payment or surrender of the premises."] [emphasis added]). Nowhere did the court analyze whether the CARES Act is applicable to a holdover proceeding.

Both parties conceded at oral argument that there is no caselaw within New York State dealing with this subject matter and therefore, it appears to be an issue of first impression. As such, this court is guided by the findings of other courts nationwide, as well as secondary materials on point.

The National Housing Law Project ("NHLP") is an organization dedicated to "advanc[ing] housing justice for poor people and communities [FN2]
" . . . "by strengthening and enforcing the rights of tenants and low-income homeowners, increasing housing opportunities for underserved communities, and preserving and expanding the nation's supply of safe and affordable homes."[FN3]

The NHLP issued several memorandums entitled "Enforcing the CARES Act 30-Day Eviction Notice Requirement," originally created in June 2022, but updated several times through February 2025.[FN4]
In the memorandum, the NHLP dedicates a specific section to [*4]discussing whether the CARES Act requires a 30-day notice to evict for reasons other than non-payment of rent. The memorandum states that "[t]o date, most courts have interpreted the CARES Act notice provision as applying only to evictions for nonpayment of rent or other charges."

The NHLS bases this conclusion upon several nationwide cases finding that the notice requirements of the CARES Act (15 USC § 9058(c)) are limited to non-payment proceedings. These court holdings are directly on point to the issue herein.

In West Haven Housing Authority v. Armstrong, the Superior Court of Connecticut specifically held that "[i]n reading the language of the Act as a whole, the plain and unambiguous language supports that the 30-day notice requirement is applicable to nonpayment of rent cases only and not to cases such as this one brought for serious nuisance.") (2021 Conn. Super. LEXIS 1061, *8 [Conn. Super Ct, 2021]). Similarly, the court in Nwagwu v. Dawkins held that HUD guidance "explains that the 30-day notice requirement for non-payment notices to quit survives the CARES Act and is specifically only required for non-payment allegations . . . Accordingly, 'serious nuisance' cases alleging criminal or lease violations, for example, would not require a 30-day notice. (2021 Conn. Super. LEXIS 1026, *5 [Conn. Super Ct, 2021], citing Eviction Moratorium COVID-19 FAQs for Public Housing Agencies ("FAQ") by the U.S. Department of Housing and Urban Development, Version 3, April 22, 2020 at §3.0; HUD Notice H-20-07; see also Vandersluis v Hilton, 2023 Conn. Super. LEXIS 1893, *4 [Conn. Super Ct, 2023] [finding that compliance with the thirty-day notice requirement is required only when the ground for eviction is nonpayment of rent]).

Courts in other states have similarly limited the 30-day notice provision under the CARES Act to non-payment cases. (see Watson v Vici Community Dev. Corp., 2022 US Dist LEXIS 55211, *25-27 [WD Okla 2022]; CP Commer. Props., LLC v Sherman, 318 So3d 445, 449 [La App, 2 Cir 2021] ["Paragraph (c) sets forth when notice to vacate may be sent following the moratorium stated in paragraph (b). However, that moratorium is not even applicable in this matter as it applies to 'legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges[.]' The eviction at issue is premised upon the ending of the lease period."]; MIMG CLXXII Retreat on 6th, LLC v Miller, 16 NW3d 489, 501 [Iowa 2025] ["In the end, we believe that the most correct interpretation of 9058(c)(1) is that it applies only to rent defaults that arose during the moratorium—the subject of the rest of section 9058—and not to any default at any time for any reason."]).

The rationale behind these rulings appears to be uniform: all subsections of 15 USC § 9058 should be read together, not bifurcating subsections (b) and (c) as respondent advocates, and, when reading all subsections together, it is clear that said subjections are all subject to the same limit — they apply only to non-payment proceedings.

Reading the provisions together, subsection (b)'s 120-day moratorium must expire before landlords may issue an eviction under subsection (c)(1). The moratorium is limited to evictions for nonpayment of rent. 15 U.S.C. § 9058(b). Thus, subsection (c)(2)'s reference to subsection (b) indicates that Congress intended to limit the 30-day notice requirement, namely to evictions for failure to pay rent . . . Here, the section heading adopted in the CARES Act emphasizes the limited time frame of the eviction moratorium and, by implication, the basis of the paused evictions—nonpayment of rent. 15 U.S.C. § 9058(b), (c)(2). Interpreting the 30-day notice requirement as applying to nonpayment of rent connects § 9058(c)(2) to its section heading, whereas applying the notice [*5]to all evictions disconnects the subsection from the heading.
(Hous. Auth. v Knight, 563 P3d 1058, 1063 [Wash 2025])
The plain language of the Act provides that the two subsections are integrally related, and the notice at issue is one for nonpayment of rent. The word "and" is conjunctive. "The word 'or' can never be substituted for 'and' in a statute when the meaning of the language used in the statute is plain and there is nothing in it to call for the substitution. Courts will construe 'or' as 'and,' and vice versa, only where from the context of other provisions of the statute, or from former laws relating to the same subject and indicating the policy of the State thereon, such clearly appears to have been the legislative intent . . . In reading the language of the Act as a whole, the plain and unambiguous language supports that the 30-day notice requirement is applicable to nonpayment of rent cases only and not to cases such as this one brought for serious nuisance. This is consistent with the Connecticut Executive Orders providing for exemptions to the State imposed Moratoria. While the defendant notes that there are no Connecticut state or federal cases that have addressed this issue in other than nonpayment of rent cases, there is good reason for that; specifically because those are indeed the cases to which these sections apply.
(W. Haven Hous. Auth. v Armstrong, 2021 Conn. Super. LEXIS 1061, at *7-8)
This court adopts and follows the analyses of the foregoing courts and agrees that a plain reading of subsections (b) and (c) elucidate that they are meant to be read in unison and not as bifurcated provisions, as respondent urges [FN5]
.

While subsection (c) does not explicitly contain the phrase "nonpayment of rent," like subsection (b), it is undoubtedly limited to a non-payment case, like subsection (b). 15 USC § 9058(c)(2) states that a landlord cannot issue the 30-day notice under 15 USC § 9058(c)(1) until expiration of the moratorium period "described in subsection (b)." As subsection (b) is expressly limited to non-payment cases, the notice under subsection (c)(1) is similarly limited by implication due to the explicit reference to subsection (b) — and necessarily its limitation — in subsection (c)(2).

The court finds that the CARES Act, and its 30-day notice requirement, does not apply to a holdover proceeding and respondent's motion to dismiss is therefore denied.

CONCLUSION

Based on the foregoing, respondent's motion to dismiss is denied in its entirety. The proceeding is adjourned to November 3, 2025 at 9:30 am for settlement or transfer to Part X for [*6]trial.

This constitutes the decision and order of the court. It will be posted on NYSCEF.

Dated: October 6, 2025
Brooklyn, New York
SO ORDERED
HON. MADALINA DANESCU

Judge, Housing Part

Footnotes

Footnote 1:The Court notes that most of the cases respondent cites to and relies upon are unpublished decisions and respondent does not attach copies. Indeed, only one cited decision is publicly available for review.

Footnote 2:See https://www.nhlp.org/about/mission/

Footnote 3:See https://www.nhlp.org/about/what-we-do/

Footnote 4:See https://www.nhlp.org/wp-content/uploads/2025.02.04-Enforcing-the-CARES-Act-30-Notice.pdf at Pg. 13

Footnote 5:As other state courts have pointed out, federal principes of statutory interpretation require looking at the statute as a whole and viewing the particular provision within the context of the entire statute. (see Ray v Ray, 22 F4th 69, 73 [2d Cir 2021] ["When answering questions of statutory interpretation, we begin with the language of the statute. If the statutory language is unambiguous, we construe the statute according to the plain meaning of its words. We discern plain meaning by looking to the statutory scheme as a whole and placing the particular provision within the context of that statute."], citing United States ex rel. Wood v. Allergan, Inc., 899 F3d 163, 171 [2d Cir. 2018]; see also United States v Epskamp, 832 F3d 154, 162 [2d Cir 2016] [internal citations and quotations omitted]