Larson v Shore View Rehabilitation & Nursing Ctr. (2026 NY Slip Op 00883)

Larson v Shore View Rehabilitation & Nursing Ctr.

2026 NY Slip Op 00883

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-03902
 (Index No. 525931/22)

[*1]Elizabeth Larson, etc., respondent,
vShore View Rehabilitation and Nursing Center, et al., appellants.

Sheeley, LLP, New York, NY (Adam Fischkelta of counsel), for appellants Shore View Rehabilitation and Nursing Center and Shore View Acquisition I, LLC.
Vaslas Lepowsky & Hauss LLP, Staten Island, NY (Olena Sharvan of counsel), for appellants Menorah Home and Hospital for the Aged and Infirm and Menorah Center for Rehabilitation and Nursing Care.
Barker Patterson Nichols, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for appellants The New York Community Hospital of Brooklyn, Inc., and New York Community Hospital.
Leitner Varughese Warywoda PLLC, Melville, NY (Nicholas E. Warywoda of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, the defendants Shore View Rehabilitation and Nursing Center and Shore View Acquisition I, LLC, the defendants Menorah Home and Hospital for the Aged and Infirm and Menorah Center for Rehabilitation and Nursing Care, and the defendants The New York Community Hospital of Brooklyn, Inc., and New York Community Hospital separately appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 25, 2024. The order denied those defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them with prejudice and granted the plaintiff's motion pursuant to CPLR 1015 and 1021 to amend the caption.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the separate motions of the defendants Shore View Rehabilitation and Nursing Center and Shore View Acquisition I, LLC, the defendants Menorah Home and Hospital for the Aged and Infirm and Menorah Center for Rehabilitation and Nursing Care, and the defendants The New York Community Hospital of Brooklyn, Inc., and New York Community Hospital pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them with prejudice, and substituting therefore a provision granting those motions to the extent of dismissing the complaint insofar as asserted against each of those defendants without prejudice, and otherwise denying those motions, and (2) by deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 1015 and 1021 to amend the caption, and substituting therefor a provision denying that motion as [*2]academic; as so modified, the order is affirmed, with one bill of costs to the appellants.
Prior to his death in December 2018, Donald Larson (hereinafter the decedent) was a patient at intermittent times at facilities owned or operated by the defendants Shore View Rehabilitation and Nursing Center and Shore View Acquisition I, LLC (hereinafter together Shore View), the defendants Menorah Home and Hospital for the Aged and Infirm and Menorah Center for Rehabilitation and Nursing Care (hereinafter together Menorah), and the defendants The New York Community Hospital of Brooklyn, Inc., and New York Community Hospital (hereinafter together NYCH). The decedent allegedly suffered from bedsores which were a contributing factor in his death.
In April 2021, the plaintiff, as proposed administrator of the decedent's estate, commenced a prior action against the defendants, asserting causes of action to recover damages for violations of Public Health Law §§ 2801-d and 2803-c, medical malpractice, negligence, and wrongful death. In an order dated March 7, 2022, the Supreme Court granted the defendants' separate motions to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff lacked the capacity to bring the action because she had not yet been appointed the personal administrator of the decedent's estate.
In September 2022, the plaintiff, again as proposed administrator of the decedent's estate, commenced this action against the defendants, seeking the same relief as was sought in the prior action. The complaint alleged that the plaintiff had submitted an application to the Surrogate's Court to be appointed the decedent's administrator and that her application was still pending. Shore View, Menorah, and NYCH separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them with prejudice. Thereafter, the Surrogate's Court granted the plaintiff limited letters of administration, and the plaintiff moved pursuant to CPLR 1015 and CPLR 1021 to amend the caption to reflect her appointment as the decedent's administrator. In an order dated January 25, 2024, the court denied the separate motions of Shore View, Menorah, and NYCH and granted the plaintiff's motion.
The Supreme Court should have granted the separate motions of Shore View, Menorah, and NYCH to dismiss the complaint insofar as asserted against each of them to the extent of dismissing the complaint insofar as asserted against each of those defendants without prejudice. Dismissal was warranted on the ground that the plaintiff lacked capacity to bring the action, as she had not yet obtained letters of administration to become the personal representative of the decedent's estate at the time of the commencement of this action (see CPLR 3211[a][3]; EPTL 11-3.2[b], 11-4.1; Carrick v Central Gen. Hosp., 51 NY2d 242, 246; Shelley v South Shore Healthcare, 123 AD3d 797, 798). However, the defendants failed to establish their entitlement to dismissal of the action with prejudice, as they failed to conclusively demonstrate, under these circumstances, that any future action commenced by the plaintiff would be time-barred (see CPLR 205[a]; Tumminia v Staten Island Univ. Hosp., ___ AD3d ___, 2025 NY Slip Op 03352; Castillo v Suffolk Paving Corp., 230 AD3d 630, 632; Sokoloff v Schor, 176 AD3d 120, 126).
In light of that determination, the Supreme Court should have denied, as academic, the plaintiff's motion pursuant to CPLR 1015 and 1021 to amend the caption.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court